Frank S. McCullough, J.
This is a motion by the plaintiff for summary judgment in an action brought pursuant to section 205-a of the G-eneral Municipal Law of the State of New York.
The plaintiff is a member of the Mount Vernon Fire Department. It appears that on October 31, 1962, said plaintiff, after responding to a fire alarm of a fire occurring in a building owned by the defendant, MJR Realty Corporation, was injured. He alleges in his supporting affidavit that while engaged in fighting the fire in the said defendant’s premises, he was severely injured due to the wielding of fire equipment by fellow firemen in said building.
Plaintiff further alleges that approximately 90 days prior to the fire the defendant corporation was served with a notice of violation by the Building Department of the City of Mount Vernon. The notice stated that said building was in a dilapidated condition so as to have become dangerous to life, safety, morals *230 and general health and welfare of the People of the City of Mount Vernon. The notice directed that the building be demolished. Plaintiff cites the provisions of sections 21.01 through 21.04 of the Building Code of the City of Mount Vernon, which would require such demolition to take place within 30 days after written notice to the owner of the condemned premises.
Section 205-a of the General Municipal Law states: “ In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury, death or a disease which results in death, occurs directly or indirectly as a result of any neglect, omission, wilful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury or death shall be liable to pay any officer, member, agent or employee of any fire department injured, or whose life may be lost while in the discharge or performance of any duty imposed by the fire commissioner, fire chief or other superior officer of the fire department, or to pay to the wife and children, or to pay to the parents, or to pay to the brothers and sisters, being the surviving heirs-at-law of any deceased person thus having lost his life, a sum of money, in case of injury to person, not less than one thousand dollars, and in case of death not less than five thousand dollars, such liability to be determined and such sums recovered in an action to be instituted by any person injured or the family or relatives of any person killed as aforesaid.”
The individual defendant, Michael J. Bossi, in opposition to the motion for summary judgment alleges that he does not recall ever receiving the notice purportedly served pursuant to the Mount Vernon Building Code. In addition, in the memorandum of law submitted on behalf of the defendants other arguments are set forth, including a contention that section 205-a of the General Municipal Law, is unconstitutional as improper class legislation; that there was no causal connection between the violation of the statute and the injury to the complainant, and that the sections of the Building Code of Mount Vernon providing for a summary order for demolition of a building are invalid and that the order of the Commissioner was invalid.
With respect to the constitutionality of section 205-a of the General Municipal Law, the court finds no substance to this argument. In New York Jurisprudence (vol. 9, pp. 198-199) the subject of class legislation is briefly and succinctly explained: *231 “ If a classification in legislation meets with the requisite indispensable to the establishment of a class that it be reasonable and not arbitrary, and be based upon substantial distinctions with a proper relation to the objects classified and the purposes sought to be achieved, then as long as the law operates alike on all members of the class (which includes all persons and property similarly situated) it is not subject to any objection that it is special or class legislation, and it does not violate the guaranty of the equal protection of the laws. Stated differently, the rule is that the equal protection of the laws is not denied when all persons in the same class are treated alike under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed.”
The court is of the opinion that section 205-a is constitutional.
However, the court does find that an issue of fact has been raised with respect to the service of the notice of violation by the Building Department. If such notice was never served, then section 205-a of the General Municipal Law would not apply. Accordingly, the court denies the motion for summary judgment.